# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

FRANK GARNER                                                          PETITIONER


v.                              NO. 5:10CV00173 SWW/HDY


RAY HOBBS, interim Director of the                                   RESPONDENT
Arkansas Department of Correction


## FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## DISPOSITION

<u>STATE COURT PROCEEDINGS</u>.   On September 6, 2005, petitioner Frank Garner ("Garner") was convicted in Little River County, Arkansas, Circuit Court of rape and kidnapping; a judgment of conviction was entered on September 12, 2005.   He was sentenced to life in prison on the former charge and 240 months in prison on the latter charge; the sentences were ordered to be served consecutively in the custody of respondent Ray Hobbs ("Hobbs").   Garner did not appeal his convictions and never pursued state post-conviction relief.

On September 21, 2009, Garner filed a motion for belated appeal with the Arkansas Supreme Court.  His motion was denied because it was not filed within eighteen months of the date on which the judgment of conviction was entered.[1]

---

[1]

Specifically, the state Supreme Court opined the following:

Belated appeals in criminal cases are governed by Rule 2(e) of the Rules of Appellate Procedure-Criminal.  The rule provides in pertinent part that "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment." In this matter, the eighteen-month period to file a motion for belated appeal from the judgment of conviction entered on September 12, 2005, elapsed on March 12, 2007.

It is incumbent on a petitioner to file a motion for belated appeal in a timely manner inasmuch as an untimely motion for belated appeal is subject to dismissal. [Citations omitted].  As petitioner failed to file the motion within the period allowed by Rule 2(e), the motion is dismissed.

See <u>Garner v. State</u>, 2009 WL 4017261 (Ark. 2009).

FEDERAL COURT PROCEEDINGS.   On June 7, 2010, Garner commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.  In the petition, he challenged his convictions on the following ground: "[His] right to [a] direct appeal was violated by [the] Arkansas Supreme Court's denial of [his] belated appeal caused by ineffective assistance of counsel." See Document 1 at 5.[2] He asked that the state Supreme Court be ordered to entertain an appeal of his convictions.

Hobbs filed a response to the petition.  In the response, he maintained that Garner's petition should be dismissed because, inter alia, it is time barred.

The undersigned reviewed Hobbs' response and determined that Garner should be invited to file a reply.  He was so invited and subsequently accepted the invitation when he filed a reply.  In it, he again maintained that his right to an appeal was violated when he did not receive an appeal of his convictions.  He again maintained that his failure to receive an appeal was caused solely by his attorney as counsel ignored Garner's request to appeal his convictions.

---

[2]

In the petition, Garner also addressed the question of whether his petition was timely; he did so in the following manner:

> I am within [the] statute of limitations whereas the Arkansas Supreme Court rendered a denial of [my] "petition requesting leave of court to file a belated appeal of conviction" on November 19, 2009.  Even whereas [I] sought such appellate review after elapse of time to request a belated appeal, such failure to do so in a timely manner was the direct result of [my] trial attorney … failing to file the necessary papers and filings that comply with [the] appellate process that would have caused [my] right to a direct review of [my] conviction to be challenged with and by the Arkansas Supreme Court.

See Document 1 at 13.

The undersigned reviewed Garner's reply and was struck by several matters, two of which were as follows: first, Garner acknowledged that his attorney had told him she had thirty days within which to commence an appeal of his convictions; and second, notwithstanding that fact, he represented that he had to take "some painstaking steps" to learn that his attorney never commenced an appeal.   The undersigned desired to know what steps Garner took in learning that his attorney never commenced an appeal of his convictions and when he took those steps.   He was therefore ordered to submit a response in which he addressed the following two matters: (1) the steps he took in learning that his attorney never commenced an appeal of his convictions, and (2) when he took those steps.

Garner subsequently filed a response and addressed the aforementioned matters. In his response, he represented the following:

> The Petitioner arrived at the Cummins Unit on September 23, 2005, and was placed in Administrative Segregation.   On October 19, 2005, Petitioner received a letter from Fisk [i.e., Garner's defense attorney] informing him [that] she did not know Petitioner desired to appeal [his] life plus 240 month sentence.   Fisk told Petitioner it was [too] late to file an appeal.  Petitioner instructed Fisk to appeal the conviction[s] anyway.  Fisk assured Petitioner she would.   For this reason, Petitioner believed his counsel was diligently seeking to appeal his convictions.

> Petitioner has absolutely no experience filing legal pleadings.   He believed his counsel was filing an appeal and at the time did not understand his counsel's ineffectiveness was detrimental to his cause.  By December of 2007, Petitioner instructed Fisk to forward all records, files, documentation, etc, to him.   On January 2, 2008, he did receive said paperwork from Fisk.

On January 3, 2008, Petitioner wrote [the] court clerk requesting transcripts.  By March of 2008, all documentation concerning Petitioner's cause was sent to the Innocence Project for review.

By September of 2009, Petitioner felt certain Fisk had abandoned him, however, it is noteworthy to add that Fisk has never been formally relieved by any court and therefore remains Petitioner's attorney.

Petitioner filed for [a] belated appeal on September 21, 2009, in [the] Arkansas Supreme Court.  Said court subsequently denied his petition on November 19, 2009.  [Citation omitted].

…

See Document 16 at 2.  [Emphasis in original].

The undersigned has now reviewed the parties' pleadings and exhibits.  On the basis of that review, the undersigned issues the following findings and recommendation.

LIMITATIONS.  A petition pursuant to 28 U.S.C. 2254 is governed by a one year period of limitations.  28 U.S.C. 2244(d) provides that the one year period runs from the latest of four dates identified in that paragraph, the applicable one in this instance being "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," see 28 U.S.C. 2244(d)(1)(D).[3]

---

[3]

The other dates are: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action; and (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The undersigned finds that at some point after the expiration of the time for seeking direct review, Garner discovered or should have discovered through the exercise of due diligence that his attorney failed to prosecute an appeal of his convictions.  On what date can it be said that he discovered that fact or should have discovered that fact through the exercise of due diligence?  By October 19, 2005, he was clearly aware that his attorney had not appealed his convictions and it was too late to do so.[4]  Although Garner asked her to nevertheless appeal his convictions, and she allegedly represented that she would, it is inescapable that he was on notice by October 19, 2005, that the possibility of an appeal was open to serious doubt.  Sadly, he did nothing in the months that followed to ascertain whether his attorney did anything.  Because she could have filed a motion for a belated appeal even after October 19, 2005, the undersigned finds that the one year period did not commence on that date.

Garner's attorney had eighteen months from the date on which the judgment of conviction was entered to file a motion for a belated appeal.  See Arkansas Rule of Appellate Procedure-Criminal 2(e).  The judgment of conviction in this instance was entered on September 12, 2005, and the state Supreme Court found that the eighteen month period for filing a motion for belated appeal elapsed on March 12, 2007.

---

[4]

On that date, Garner admits receiving a letter from his attorney in which she informed him that she had not appealed his convictions and it was too late to do so.  The chronology of events outlined by the undersigned conclusively establishes that her latter representation, i.e. that it was too late to appeal his convictions, was indeed accurate.

On January 2, 2008, Garner received, pursuant to his request, "all records, files, documentation, etc." from his attorney.  <u>See</u> Document 16 at 2.  The case file would have reflected that no appeal, belated or otherwise, had ever been filed and could not then be filed, and it was at that point he discovered or should have discovered through the exercise of due diligence that his attorney had done nothing.  For that reason, the undersigned finds that the one year period of limitations commenced on January 2, 2008.

Having found that the one year period of limitations commenced on January 2, 2008, Garner had until January 2, 2009, to file a timely petition pursuant to 28 U.S.C. 2254.  He did not file the petition at bar until June 7, 2010, or more than seventeen months after the expiration of the one year period.  The only real question is whether he can show some excuse for failing to file his petition within the one year period.

The undersigned has carefully reviewed Garner's submissions and, in doing so, has given them a liberal construction.   The undersigned can find nothing that warrants excusing his failure to file the petition at bar within the one year period.  Accordingly, the undersigned finds that it is time barred.

<u>RECOMMENDATION</u>.  The undersigned recognizes that this result is rather harsh, namely, that Garner never received appellate review of his convictions.  Although the lack of appellate review is typically a matter of much concern, particularly when it results from counsel's ineffectiveness, <u>see</u> <u>Evitts v. Lucey</u>, 469 U.S. 387 (1985); <u>Bell v. Lockhart</u>, 795 F.2d 655 (8th Cir.1986), it is abundantly clear that Garner filed the

petition at bar outside the one year period of limitations.  There is some superficial appeal to focus entirely upon the fact that his attorney failed to file an appeal and attribute all of Garner's difficulties to that fact. However, it is Garner's failure himself to pursue a belated appeal after he first became alerted to the fact that his attorney had not filed an appeal that prevents him from pursing federal habeas relief. Accordingly, Garner's petition should be dismissed as time barred.  All requested relief should be denied, and judgment should be entered for Hobbs.

DATED this ___18___ day of October, 2010.


_____
UNITED STATES MAGISTRATE JUDGE